PATTERSON, Judge
(dissenting).
I respectfully dissent. Alabama courts follow the so-called subjective approach when deciding whether there is evidence to support an entrapment defense. A two-step test is generally used under this approach: the first inquiry is whether or not the offense was induced by a government agent; and the second is whether or not the defendant was predisposed to commit the type of offense charged. Jackson v. State, 384 So.2d 134 (Ala.Cr.App.1980); Pittman v. State, 462 So.2d 791 (Ala.Cr.App.1984).
In W. LaFave, Criminal Procedure, Vol. 1, § 5.3(d) (1984), the burden of proof in reference to entrapment defenses is discussed as follows:
“(d) Burden of Proof. In those jurisdictions which follow the majority, subjective approach to entrapment, it is generally accepted that the defendant has the burden of establishing the fact of inducement by a government agent. The extent of this burden is less than clear. Some courts require a defendant to sustain a burden of persuasion by proving *844 government inducement by a preponderance of the evidence. Many courts, however, indicate that the defendant only has the burden of production, which can be met by coming forward with ‘some evidence’ of government conduct which created a risk of persuading a nondisposed person to commit a crime. In any event, once the defendant’s threshold responsibility is satisfied, the burden is then on the government to negate the defense by showing beyond a reasonable doubt defendant’s predisposition.” (Citations omitted.)
In Jackson v. State, supra, in addressing the proper allocation of the burden of proof in trying a case in which entrapment is claimed, this court quoted with approval from United States v. Dickens, 524 F.2d 441, 444 (5th Cir.1976), as follows:
“The defendant must first come forward with evidence sufficient to raise a jury issue ‘that the Government’s conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.’ United States v. Mosley, 496 F.2d 1012, 1014 (5th Cir.1974) citing Pierce v. United States, 414 F.2d 163, 168 (5th Cir.1969). Once such issue is raised, the Government must prove beyond a reasonable doubt that the Defendant was predisposed to commit the charged offense.”
From the facts of the instant case, I cannot conclude that there was sufficient evidence to raise a jury question that the conduct of the agents of the government created a substantial risk that appellant would commit an offense which he was not otherwise ready to commit. Nevertheless, assuming that the appellant met his burden in showing such a substantial risk, there is ample evidence in the record for the jury to determine beyond a reasonable doubt that appellant was predisposed to obtaining and selling the marijuana to the officer. Apparently, appellant readily and willingly carried out the transaction when the consideration offered became sufficiently attractive to him. I would affirm the judgment of conviction.